United States District Court
Southern District of Texas
ENTERED
May 08, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DISH WIRELESS, L.L.C., a Colorado Limited Liability Company,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-cv-03207** |
| **A. BHIMANI CORPORATION d/b/a MIRAECOMM, a Texas Corporation, and AKBAR BHIMANI, an Individual Texas Resident,** | § | |
| **Defendants.** | § | |

---

## AGREED JUDGMENT AND PERMANENT INJUNCTION

---

WHEREAS, the parties in the above-entitled action, Plaintiff DISH Wireless, L.L.C. ("DISH") and Defendants A. Bhimani Corporation d/b/a Miraecomm ("Miraecomm") and Akbar Bhimani ("Bhimani"), by and through counsel, have reached an amiable resolution to this matter subject to the Court's approval and entry of this Agreed Judgment and Permanent Injunction (the "Agreed Judgment"), the Court hereby enters this Agreed Judgment and finds as to following questions of fact and law pertaining to each of the alleged causes of action as acknowledged and agreed upon by the parties:

1. DISH is a limited liability company with a principal place of business located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

2. Miraecomm is a Texas corporation with a principal place of business located at 10911 Bammel North Houston Road, Suite E, Houston, Texas 77017.

3. Bhimani is an individual Texas resident who is the Registered Agent, President and Director of Miraecomm, and as such, Bhimani owns and/or operates several commercial establishments that market and solicit wireless telecommunications products and services at the following retail locations: (i) 10911 Bammel North Houston Road, Suite E, Houston, Texas 77017; (ii) 12665 Veterans Memorial Drive, Houston, Texas 77014; and (iii) 14764 Tomball Parkway, Houston, Texas 77086 (the "Retail Locations").

4. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1121(trademark infringement) and 28 U.S.C. §§ 1338(a) (trademark infringement), in that DISH is alleging claims under the Lanham Act, 15 U.S.C. §§1114 and 1125(a).

5. The Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1338(b) because DISH asserts a claim for unfair competition joined with a substantial and related claim under federal trademark law.

6. The Court has supplemental jurisdiction over the alleged state and common law claims for trademark infringement and unfair competition in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the alleged Lanham Act claims that each claim forms a part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (i) Miraecomm and Bhimani are residents within this judicial district; and (ii) a substantial part of the events or omissions giving rise to DISH's claims occurred in this judicial district.

8. DISH is the sole and exclusive owner of several valid and enforceable trademarks, including without limitation, the following trademarks registered with the United States Patent and Trademark Office (collectively, the "Boost Marks"):

| TRADEMARK | USPTO REG. NO. | REG. DATE | RENDITION |
|---|---|---|---|
| Boost | 4,688,801 | 02/17/2015 | BOOST |
| Boost Mobile | 2,952,818 | 05/17/2005 | BOOST MOBILE |
| Boost Mobile | 5,184,285 | 04/18/2017 | boostmobile |
| Boost Mobile Logo | 3,492,551 | 08/26/2008 | |

9. The Boost Marks are famous, distinctive and easily recognized by consumers of wireless telecommunications products and services, and as such, DISH uses the Boost Marks to: (i) market, promote and solicit DISH's wireless telecommunications products and services to consumers throughout the United States, including the State of Texas; (ii) distinguish DISH's wireless telecommunications products and services from those provided by competitors in the industry; and (iii) distinguish the source and origin of DISH's wireless telecommunications products and services.

10. From May 3, 2017 through April 18, 2018, Miraecomm and/or Bhimani were licensed to the use and display the Boost Marks as an authorized independent retailer

of select Boost Mobile® products and services pursuant to terms of an applicable Retailer Agreement.

11. Following termination of the Retailer Agreement on or about April 18, 2018—despite the receipt of several written correspondence from DISH demanding, *inter alia*, that Miraecomm and Bhimani immediately cease and desist from: (1) using or displaying, directly or indirectly, any and all DISH trademarks and logos, including without the limitation, the Boost Marks, or any colorable variants thereof, that may be viewed in any manner; and (2) representing to the public by any means whatsoever, directly or indirectly, that Bhimani and/or Miraecomm are authorized by DISH to operate as an authorized Boost Mobile® retailer, or that any of the products or services solicited by Bhimani and/or Miraecomm originate with, are sponsored by, or are otherwise offered with the affiliation and/or approval of DISH in any manner—Miraecomm and Bhimani continued to use and display the Boost Marks at the Retail Locations prompting DISH to file the above-entitled action.

12. The continued and authorized use of the Boost Marks by Miraecomm and/or Bhimani at any of the Retail Locations in connection with the sale, offered sale, distribution, or advertising of wireless telecommunication products and services will cause irreparable harm to DISH because said misconduct will likely cause confusion, mistake, or deceive consumers by representing to the public that the products and services solicited by Miraecomm and/or Bhimani originate with, are sponsored by, or are otherwise offered with the affiliation or approval of DISH in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and the common law of the State of Texas.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT Defendants Miraecomm and Bhimani, including their respective successors, assigns, heirs, executors, administrators, employees, agents, parents, subsidiaries, shareholders, officers and directors, and all other persons or entities acting in concert with either Defendant are PERMANENTLY RESTRAINED AND ENJOINED from:

(A). Using or displaying, directly or indirectly, any and all DISH trademarks and logos, including without limitation, the Boost Marks described herein, or any colorable variants thereof, that may be viewed in any manner, format or forum—public, private or otherwise;

(B). Representing to the public by any means whatsoever, directly or indirectly, that: (1) Miraecomm and/or Bhimani are authorized by DISH to operate as an authorized Boost Mobile® retailer, including without limitation, the solicitation and acceptance of payments from consumers of any products and services provided by DISH; and (2) any of the products or services solicited by Miraecomm and/or Bhimani originate with, are sponsored by, or are otherwise offered with the affiliation and/or approval of DISH in any manner, format or forum—public, private or otherwise; and

IT IS FUTHER ORDERED, ADJUDGED AND DECREED THAT:

(A). Defendants Miraecomm and Bhimani shall file within thirty (30) days of this Agreed Judgment a written report to the Court setting forth in detail the manner and form in which Miraecomm and Bhimani have each complied with the injunctive measures described in this Agreed Judgment;

(B). Defendants Miraecomm and Bhimani shall immediately remove and destroy any and all signage, displays, banners, advertisements, promotional materials, stationery, receipts, and/or any other materials or things that contain or bear any of DISH's proprietary trademarks or logos, including the Boost Marks, from the Retail Locations;

(C). Defendants Miraecomm and Bhimani shall pay to DISH within thirty (30) days of this Agreed Judgment the sum amount of Twenty-Four Thousand Five Hundred Fifty-Three U.S. Dollars ($24,553.00) for all costs and reasonable attorneys' fees incurred by DISH in this matter;

(D). Defendants Miraecomm and Bhimani irrevocably and fully waive any right to appeal this Agreed Judgment with the understanding and agreement that any violation of this Agreed Judgment shall expose the Defendants to any applicable penalties provided by law, including for contempt of Court any payment of all costs and reasonable attorneys' fees;

(E). All claims and defenses alleged in the above-entitled action are hereby resolved by this Agreed Judgment; and

(F). The Court shall retain continuing jurisdiction over the parties and the above-entitled action for purposes of enforcing this Agreed Judgment.

SIGNED ~~this~~ on May 8, 2023.

HON. SIM LAKE
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE

THE OLSEN LAW FIRM, P.C.

/s/ Richard R. Olsen
Richard R. Olsen
Attorney in Charge
State Bar No. 24037212
S.D. Tex. Bar No. 34449
11803 Grant, Road, Suite 204
Cypress, Texas 77429
Telephone: (713) 655-0005
Facsimile: (281) 655-0005
rolsen@olsen-law.com

ATTORNEY FOR PLAINTIFF
DISH WIRELESS L.L.C.

TRIANTAPHYLLIS LAW FIRM

/s/ Anastassios Triantaphyllis
Anastassios Triantaphyllis
Attorney in Charge
State Bar No. 20213600
S.D. Tex. Bar No. 16413
The Civil Justice Center
112 E. 4th Street
Houston, Texas 77007
Telephone: (713) 240-7650
Facsimile: (713) 520-8991
tasso@triantaphylllis.com

ATTORNEY FOR DEFENDANTS
A. BHIMANI d/b/a MIRAECOMM and
AKBAR BHIMANI